UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE JAMAL WILLIAMS,

        Petitioner,                  Civil No. 1:13-cv-14493
                                           Honorable Thomas L. Ludington

v.

STEVEN RIVARD,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD
HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Terrance Jamal Williams is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He challenges his convictions for first-degree premeditated murder and assault with intent to commit murder. In addition to his habeas petition, Williams filed a Motion to Hold Habeas Petition in Abeyance. Based on what follows, that motion will be granted.

**I**

Williams was convicted by a jury in Wayne County Circuit Court of first-degree premeditated murder and assault with intent to commit murder. On May 2, 2008, he was sentenced to life in prison for the first-degree murder conviction and 20 to 30 years in prison for the assault with intent to commit murder conviction.

He filed an appeal of right in the Michigan Court of Appeals, claiming that the trial court erred in failing to suppress an in-court identification and in admitting gang profile evidence, the prosecutor engaged in misconduct, he was denied his right to counsel, and the cumulative effect of errors denied him his right to a fair trial. The Michigan Court of Appeals affirmed Williams's convictions. *People v. Williams*, No. 229926, 2002 WL 6004067 (Mich. Ct. App. Dec. 1, 2011).

The Michigan Supreme Court denied Williams's application for leave to appeal, *People v. Williams*, 491 Mich. 921 (Mich. May 21, 2012), and his motion for reconsideration. *People v. Williams*, 492 Mich. 859 (Mich. July 24, 2012).

On March 14, 2013, Williams filed a motion for relief from judgment in the trial court, raising these claims: (i) ineffective assistance of trial counsel; (ii) insufficient evidence presented to sustain convictions; (iii) state court lacked jurisdiction; and (iv) ineffective assistance of appellate counsel. The trial court denied the motion. *People v. Williams*, No. 07-010617–02 (Wayne county Cir. Ct. July 23, 2013). It appears that Williams has not yet filed an application for leave to appeal the denial of his motion for relief from judgment.

Williams then filed the pending habeas corpus petition on October 23, 2013. He raises the following claims: (i) a new trial is warranted based upon newly-discovered ballistics evidence; and (ii) he was denied his right to a public trial. Williams also filed a motion to hold his habeas petition in abeyance so that he may file an application for leave to appeal the trial court's denial of his motion for relief from judgment.

**II**

Williams asks the Court to stay these proceedings while he pursues his state court appeal on collateral review. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). While the claims raised in the petition have been exhausted, Williams intends to raise additional claims that were the subject of his motion for relief from judgment when they are properly exhausted. He has filed a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Williams states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Williams has asserted good cause for failing previously to exhaust these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Williams has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Williams's exhaustion of the additional two claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Williams does not delay in exhausting state court remedies, the Court imposes upon him time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Williams must ask this Court to lift the stay within sixty days of exhausting state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

### III

Accordingly, it is **ORDERED** that Williams's Motion to Hold Habeas Petition in Abeyance, ECF No. 3, is **GRANTED**. The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. Williams shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: May 8, 2014

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Terrance Williams #588573, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 by first class U.S. mail, on May 8, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS